No. 14,142.

STATE EX REL. F. L. RICHARDSON, RECEIVER OF THE AMERICAN NATIONAL BANK, vs. SCHWARTZ FOUNDRY COMPANY, LIMITED.

SYLLABUS.

Where a party becomes the owner of stock in an incorporated company, is in possession of the certificates, and demands the transfer of the same ; and, after judgment ordering the transfer and an appeal therefrom the respondent and appellant appears in this court, through its counsel, only for the purpose of consenting that the judgment appealed from be affirmed, such judgment will be affirmed.

APPEAL from the Civil District Court, Parish of Orleans—*King, J.*

*Richardson & Soulé,* for Plaintiff, Appellee.

*Farrar, Jonas & Kruttschnitt* and *Lazarus & Luce,* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J.   Relator alleges that, in his capacity of receiver of the American National Bank of New Orleans, he obtained judgment in the civil district court against Sumpter Turner and Ed Weil, syndics of M. Schwartz & Co., insolvents, and against Moses Schwartz and Meyer G. Weil, members of said firm, individually, for $74,045 with lien and privilege upon certain shares of stock; that the judgment so obtained was affirmed by the supreme courts of the state and of the United States and was recorded and ordered executed; and that thereunder the property mentioned, consisting of seven hundred shares of the stock of the Schwartz Foundry Company, Limited, was adjudicated to him (purchasing for the benefit of the creditors of the defunct bank, of which he is the receiver) at $87.00 per share, or a total of $60,900, and that the sale was duly approved by the district court.  That, thereafter relator presented the judgment so obtained, the *proces verbal* of the sale, and the certificates of said stock, with transfers and powers of attorney annexed, to Moses Schwartz, the president of the Schwartz Foundry Company, Limited, and demanded the transfer of the stock on the books of the company, but that the demand was refused.  He accordingly prays for a *mandamus* ordering the transfer and the issuance of new certificates.

The facts alleged in the petition are admitted, and, whilst the defendant appears to have set up a nominal defense in the district court, and to have appealed from a judgment making peremptory the *mandamus,* it has appeared in this court, through its counsel, only for the purpose of consenting that the judgment appealed from be affirmed, which consent we find justified by the record.  The judgment is accordingly affirmed.